UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TIFFANY TANNER & GARY PARKER,

                                        Plaintiffs,

            -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
DOES 1-4,

                                        Defendants.

**COMPLAINT**

10 Civ. 7316 (VM)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiffs bring this civil rights action against the City of New York and four unidentified New York City Police Officers employed in the 32nd Precinct alleging that defendants violated their rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and New York State law. Specifically, plaintiffs alleges that, on August 1, 2010, in Manhattan, defendants falsely arrested and used unreasonable force on them. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York State law claims of false arrest, assault, and battery.

4. With respect to plaintiffs' state law claims, a notice of claim was duly filed with the City of New York within 30 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiffs' state law claims.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiffs' claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiffs are United States citizens who reside in Manhattan.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police Officers John Does 1-4 are New York City Police Officers employed in the 32nd Precinct. Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9. On August 1, 2010, at approximately 2:00 a.m., plaintiffs were attending a cookout on 139th Street, between 7th and Lenox Avenues, in Manhattan.

10. At all relevant times, plaintiffs were obeying the law and not acting in a suspicious manner.

11. At the above time and place, four officers, including a sergeant, falsely accused plaintiff Parker of improperly operating a stereo and told him that he was going to be issued a summons.

12. Some of Parker's friends told Parker to obtain the officers' badge numbers and, in response, the sergeant stated to his officers: "Fuck that; lock him up."

13. The sergeant then stated to Parker: "Your friends just fucked it up for you."

14. The officers, acting in concert, arrested plaintiff without cause.

15. Plaintiff was handcuffed excessively tight resulting in pain, numbness, and bruising.

16. On or about this time, plaintiff Tanner asked the officers the reason why they were arresting her boyfriend.

17. One of the officers responded: "Mind your fucking business; back up."

18. At this point, one of Tanner's friends told her to obtain the offending officer's badge number.

19. In response, the officer, in front of his fellow officers, stated to Tanner: "Your friend just fucked it up for you too."

20. The officer, in front of his fellow officers, then grabbed Tanner, slammed her onto a car, and handcuffed her excessively tight resulting in pain, numbness, and bruising.

21. The police took plaintiffs via van to the 32nd Precinct.

22. As plaintiffs were being brought into the precinct, one of the arresting officers called Parker a "niggar."

23. Plaintiffs were held in the 32nd Precinct from approximately 2:30 a.m. to 12:00 p.m.

24. While plaintiffs were confined in the precinct, plaintiffs' designated "arresting officer," with the acquiescence of the sergeant and the other arresting officers, misrepresented in police reports that plaintiffs had committed a crime.

25. At approximately 12:00 p.m., officers took plaintiffs to Manhattan Central Booking.

26. While plaintiffs were in Central Booking, plaintiffs' designated "arresting officer," with the acquiesence of the sergeant and the other arresting officers, misrepresented to the New York County District Attorney's Office that plaintiffs had committed a crime.

27. On August 1, 2010, at approximately 7:00 p.m., plaintiffs were released from custody because the District Attorney's Office declined prosecution.

28. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were incarcerated, deprived of their liberty, and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Plaintiffs also suffered pain and bruising from defendants' use of excessive force.

## **FIRST CLAIM**

### **(FALSE ARREST UNDER FEDERAL LAW)**

29. Plaintiffs repeat the foregoing allegations.

30. Plaintiffs did not commit a crime or violation on August 1, 2010 and no police officer observed plaintiffs acting in a manner that day which gave rise to probable cause.

31. Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

32. Plaintiffs repeat the foregoing allegations.

33. Plaintiffs did not commit a crime or violation on August 1, 2010 and no police officer observed plaintiffs acting in a manner that day which gave rise to probable cause.

34. Accordingly, defendants are liable to plaintiffs under New York State law for false arrest.

## THIRD CLAIM

### (UNREASONABLE FORCE UNDER FEDERAL LAW)

35. Plaintiffs repeat the foregoing allegations.

36. Defendants' use of force upon plaintiffs and/or their failure to intervene was objectively unreasonable and caused plaintiffs pain and injury.

37. Accordingly, defendants are liable to plaintiffs under the Fourth Amendment for using unreasonable force.

## FOURTH CLAIM

### (ASSAULT UNDER STATE LAW)

38. Plaintiffs repeat the foregoing allegations.

39. Defendants' acts of beating, searching, and handcuffing plaintiffs placed plaintiffs in fear of imminent harmful and offensive physical contacts.

40. Accordingly, defendants are liable to plaintiffs under New York State law for assault.

## FIFTH CLAIM

### (BATTERY UNDER STATE LAW)

41. Plaintiffs repeat the foregoing allegations.

42. Defendants' acts of beating, searching, and handcuffing plaintiffs were offensive and nonconsensual physical contacts.

43. Accordingly, defendants are liable to plaintiffs under New York State law for battery.

## SIXTH CLAIM

### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

44. Plaintiffs repeat the foregoing allegations.

45. Defendants were acting within the scope of their employment as New York City Police Officers when they falsely arrested, assaulted, and battered plaintiffs.

46. The City of New York is therefore vicariously liable to plaintiff under New York State law for the aforesaid torts.

## SEVENTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

47. Plaintiffs repeat the foregoing allegations.

48. The City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiffs.

49. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

50. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon

information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

        51.     In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities like plaintiffs, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

(e) retaliating against individuals who engage in free speech;

(f) unlawfully entering and searching homes and being unnecessarily destructive.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.     Compensatory damages in an amount to be determined by a jury;

    b.     Punitive damages in an amount to be determined by a jury;

    c.     Attorney's fees and costs;

    d.     Such other and further relief as the Court may deem just and proper.

DATED:    September 15, 2010
                  Brooklyn, New York

_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391